## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) WILLETTE GLOVER, AND**<br>**(2) WILLIE T. HOUSTON,**<br><br>      **Plaintiffs,**<br>   **v.**<br><br><br>**(1) ROBERT MERCOGLIANO,**<br>**(2) MICHAEL KLEINMAN,**<br>**(3) FRED JAMES,**<br>**(4) CARLA JORDAN,**<br>**(5) FAT POSSUM RECORDS, LLC,**<br>**(6) GEORGE LAWHORN (YOUTUBE),**<br>**(7) APPLE INC.,**<br>**(8) ALIVE RECORDS, LLC,**<br>**(9) BROADCAST MUSIC, INC.,**<br>**(10) TRACEY STOKES,**<br>**(11) WILLIAM THOMAS, AND**<br>**(12) AMAZON MUSIC,**<br><br>      **Defendants.** | **Case No. 18-cv-581-GKF-FHM** |

### AMAZON.COM, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Pursuant to Federal Rules of Civil Procedure ("Rules") 8, 11(a), 12(b)(1), 12(b)(2), and 12(b)(6), Defendant Amazon.com, Inc. respectfully moves to dismiss the First Amended Complaint (Dkt. No. 9) of Plaintiffs Willette Glover and Willie T. Houston in its entirety.

### BRIEF IN SUPPORT

Plaintiffs Glover and Houston bring a claim against Amazon related to the alleged sale of Houston's song, "Sallie Mae," on Amazon's music service, Amazon Music. In their First Amended Complaint ("FAC"), Dkt. 9, however, Plaintiffs do not allege basic facts to establish standing, show personal jurisdiction over Amazon, or support any type of cognizable claim. Because Plaintiffs' original, First Amended, (now dismissed) Second Amended, and proposed Third Amended Complaints all share these fatal defects, Amazon asks the Court to dismiss Plaintiffs' claim against it with prejudice.

The entirety of Plaintiffs' factual allegations against Amazon in the FAC are as follows:

- Plaintiffs are citizens of the State of Oklahoma and Amazon is either an individual citizen of Washington or alternatively, incorporated with its principal place of business in Washington;

- "Amazon has been selling and collecting monies on Willie T Houston song, Sallie Mae, without his consent or knowledge";

- "Amazon has been promoting and selling the song without Houston permission or consent"; and

- "Willette Glover is seeking restitution in the amount of $250,000.00 for making and selling of the I-movies." FAC at 27–28.

## ARGUMENT

### A.   Plaintiffs Do Not Have and Have Not Pled Standing

Article III standing is required to bring suit in federal court and must be present at the time the suit is filed.[1] *See WildEarth Guardians v. U.S. Bureau of Land Mgt.*, 870 F.3d 1222, 1230 (10th Cir. 2017). Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element" of the claim. *Id.* at 1547.

Here, Glover[2] and Houston[3] have not borne their burden of establishing standing because they fail to allege cognizable right, an injury to that right, or Amazon's causation of that injury.

---

[1] Amazon's argument that the Plaintiffs lack standing goes to the subject matter jurisdiction of the Court to hear Plaintiffs' claim, and its motion should be treated as a motion to dismiss pursuant to Rule 12(b)(1). *Col. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

[2] Neither Glover, a *pro se* litigant, nor Ms. Cursh, a non-lawyer identified as the point of contact for Plaintiffs in the Complaint, are permitted to represent Houston in any matter before this

First, although Plaintiffs allege "Amazon has been selling and collecting monies on Willie T Houston song, Sallie Mae, without his consent or knowledge," FAC at 28, they fail to plausibly assert ownership or a claim to the rights in that work. In fact, Plaintiffs do not allege any facts showing (1) when or where Amazon allegedly sold the song, (2) that they have suffered any injury, (3) that any injury is fairly traceable to Amazon, or (4) that there is any decision this Court could make that would redress any injury Plaintiffs have allegedly suffered due to Amazon's conduct.

Second, assuming Plaintiffs intend to bring a copyright claim, *see* Dkt. 125 ("Willie T Houston, has suffered copyright infringement, pertaining to his music."), their pleadings also fail to comply with LCvR3.6, which requires that "[c]omplaints filed in copyright . . . cases shall cite therein the copyright registration number, . . . [or if] such number is unavailable at the time of filing, the complaint shall recite a serial number or other identification number obtained from the Registrar of Copyrights or the Commissioner of Patents and Trademarks." Further, as the Supreme Court recently held, a putative copyright holder cannot file an enforcement action until after obtaining copyright registration. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*,

---

Court. *Kirby v. O'Dens*, 2015 WL 13021475, at *9 (N.D. Okla. 2015) ("[A] pro se litigant may not represent another person in federal court."); *supra*, n.3. And although Plaintiffs assert that "Willette Glover is seeking restitution in the amount of $250,000.00 for making and selling of the I-movies," FAC at 28, Glover has not identified what rights or claims *she* has, distinct from her father.

[3] Although Willie Houston appears as a named plaintiff in this matter, the fact that he or his lawyer did not sign the FAC requires striking of all claims allegedly brought on his behalf. *See* Fed. R. Civ. P. 11(a) (requiring that every pleading "be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). And while Glover alleges to have a durable power of attorney for Houston, *see* Dkt. 90, a fellow *pro se* plaintiff, daughter, or person with a power of attorney cannot sign on a *pro se* plaintiff's behalf. *See Turner v. Cunningham*, 2008 WL 2157113, *1 n.2 (S.D. Ala. 2008) ("One plaintiff cannot sign on behalf of the others"); *Powerserve, Int'l v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (daughter proceeding pro se could not represent father); *Hunter v. Travelers, a Geico Ins. Agency, Inc. Co.*, 2014 WL 12284042, *14 (N.D. Ga. 2014) ("Even if it is assumed that Ms. Hunter may act as power of attorney for Azimi, Hunter still may not represent Azimi.").

LLC, No. 17-571, 2019 WL 1005829, at *7 (U.S. Mar. 4, 2019) ("[Section] 411(a)'s general rule requires owners to await action by the Register before filing suit for infringement.").

Third, Glover's attempt to personally recover "restitution . . . for **making and selling of the I-movies**," FAC at 28 (emphasis added), is baseless, confusing, and directly contradicts the claim that Amazon is selling Houston's song, *see* FAC at 28 ("Amazon has been selling and collecting monies on Willie T Houston **song**") (emphasis added). Amazon, which is not alleged to sell the vaguely identified "I-movies," cannot be the cause of any inferred harm related to "I-movies." Furthermore, Plaintiffs' failure to investigate or articulate any reasonable facts in their Complaints reflects the meritless nature of their claim.[4]

For all these reasons, the Court should dismiss the FAC for lack of standing.

### B.    Plaintiffs Have Not Established Personal Jurisdiction

Plaintiffs also bear the burden of establishing personal jurisdiction, *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998), which requires them to plead facts showing either specific jurisdiction based on Amazon's activities purposefully directed at Oklahoma related to this litigation, *see Burger King Corp. v. Rudzewickz*, 471 U.S. 462, 472–73 (1985), or general jurisdiction based on Amazon's domicile, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Because Plaintiffs have not pled any facts that would link Amazon specifically or even generally to Oklahoma, *see* FAC at 27–28, the Court may also dismiss Plaintiffs' claim for lack of personal jurisdiction.

---

[4] It appears Plaintiffs copied the same requested relief from Defendants Tracey Stokes and William Thomas without verifying whether the information applied to Amazon. "Under Rule 11, [a] . . . pro se litigant must sign every pleading, written motion, or paper filed with the Court, and by doing so the attorney or pro se litigant is representing that . . . 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]'" *Salmon v. CRST Expedited, Inc.*, 2016 WL 47876, *5 (N.D. Okla. 2016) (quoting Rule 11(b)). Although "[t]he Court will take into account plaintiff's status as a pro se litigant, [] a pro se litigant is required to follow the same rules as other litigants and he is not immune from sanctions due to his pro se status." *Id.* at *6.

### C.      Plaintiffs Have Failed to State A Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a Rule 12(b)(6) motion, the Court must "accept the well-pled factual allegations in the complaint as true, resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In this Circuit, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "This broad reading of a pro se plaintiff's complaint does not, however, relieve him of the burden of alleging sufficient facts on which a cognizable claim could be based." *Dees v. Vendel*, 996 F.2d 310 (10th Cir. 1993).

Here, *pro se* Plaintiffs do not plead sufficient—or any—facts in any of their **four** submitted complaints, *see* Dkt. 1, 9, 112, 125, to prove or infer injury, standing, personal jurisdiction, or even the *type* of claim they bring. On the face of the FAC, Amazon can only infer that Glover is improperly attempting to bring a copyright claim related to the song, "Sallie Mae,"[5] on her father's behalf. But as previously shown, Plaintiffs' allegations fall short of being "well-pled" or plausible, in major part because they do not include basic facts regarding any rights, injuries, or having met elements for any type of prima facie claim. Plaintiffs do not identify who owns rights in the song, when the rights arose, how those rights are protected (such as by copyright registration), or when, how, or where the rights were infringed.  Because the Plaintiffs "must make at least minimal factual allegations, either direct or inferential, as to every

---

[5] Amazon is unaware of and unable to locate a recording of that song, as performed by Willie Houston, on Amazon Music.

material element of the claim," *Cohlmia v. Ardent Health Servs., LLC*, 448 F. Supp. 2d 1253, 1262 (N.D. Okla. 2006), Amazon requests this Court to dismiss for failure to state a claim.

## CONCLUSION

Glover improperly attempts to bring a claim against Amazon on behalf of Houston, who did not sign the original or amended complaints. Because Plaintiffs' FAC is wholly devoid of any factual allegations that could establish or support an injury to them, standing, personal jurisdiction over Amazon, or a cognizable claim, Amazon respectfully requests the Court dismiss Amazon as a defendant in this matter with prejudice.

Dated: March 8, 2019

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**

*s/ Caesar Kalinowski*
John A. Goldmark, admitted pro hac vice
Caesar Kalinowski, admitted pro hac vice
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: johngoldmark@dwt.com
          caesarkalinowski@dwt.com

**HALL ESTILL**
Robert D. Nelon, OBA #6610
100 North Broadway, Ste. 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2805
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com

**ATTORNEYS FOR DEFENDANT
AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Walter D. Haskins, III
Kirsten L. Palfreyman
Andrew C. Jayne
Tara D. Zickefoose
C. Eric Shephard
Greg A. Castro
Jeffrey C. Hendrickson
Elizabeth Sharrock
Graydon D. Luthey, Jr.
Clayton C. James
Anna Kurian Shaw
Lauren Cury
Holiday D. Powell

Further, a true and correct copy of the above foregoing document was mailed, postage pre-paid, to the following:

Willette Glover
Willie T. Houston
P.O. Box 2613
Sapulpa, OK 74067

Robert and Connie Mercogliano
6480 Olive St.
Commerce City, CO 80022

Carla Jordan
9428 Fallen Rock Road
Conifer, CO 80433

Tracey Stokes
PO Box 3250
Idaho Springs, CO 80452

William Thomas
1293 Aikins Way
Boulder, CO 80305

Andrew S. MacKay
Daniel J. Schacht
Donahue Fitzgerald LLP
1999 Harrison Street, Floor 25
Oakland, CA 94612

*s/ Caesar Kalinowski*
Caesar Kalinowski